Carroll,
No. 4604.

ROBERT FOLLETT *v.* JOHN RAMSEY, *Ancillary Adm'r & a.*

Argued June 3, 1958.

Decided July 1, 1958.

*Normandin & Normandin* (*Mr. F. A. Normandin* orally), for the plaintiff.

*Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the defendants.

BLANDIN, J. The first of the transferred questions which we shall consider is whether the plaintiff can be allowed to file a late claim under the provisions of R. L., *c.* 355, *s.* 28, now RSA 556:28, assuming it is later determined that the necessary statutory conditions are found otherwise to exist. The defendants argue no late claim may be filed under RSA 556:28. This statute provides in substance that one who has not prosecuted his claim within the time limited by law and is not chargeable with "culpable neglect" for not doing so, may petition the Court for relief, setting forth the facts and it may give him judgment for the amount due him, but the judgment shall not affect "any payments or compromises made before the beginning of the proceedings." See *Mitchell* v. *Smith*, 90 N. H. 36, 37.

In essence, the defendants' contention is that any claim the plaintiff may have had was provable against the executor or the

ancillary administrator, and since there was failure to do so, distribution now having taken place, there can be no relief. To sustain this proposition they rely mainly on *University* v. *Forbes*, 88 N. H. 17. This was a case where the plaintiff brought a bill against the executor and residuary trustee to enforce a pledge given by the decedent, and through no fault of its own the claim was not seasonably presented. RSA 556:1-3. The assets had been paid over to the trustee but not distributed by him. The Superior Court dismissed the bill against the executor and sustained it against the trustee. Upon appeal, judgment was rendered for the defendant trustee on the grounds that since he held in effect for the legatees, "payment" had been made within the meaning of the statute and therefore there could be no relief. However, the Court made clear that a basis of its holding was that in the absence of some fault on the part of the defendant causing the delay, the money rightfully belonged to the legatee trustee who would receive nothing except that to which the beneficiaries of the trust were entitled. The Court said that there was therefore no unjust enrichment as contended by the plaintiff. See Restatement, Restitution, s. 28. It distinguished the situation from that in *Redington Hub Co.* v. *Putnam*, 76 N. H. 336, where, due to a mutual mistake in a sale by an administrator, the heirs received funds not rightfully belonging to them. The court permitted suit against the administrator and the heirs to be maintained. The *Forbes* opinion went on to say there could be no recovery when the claimant failed to sue within the time limit *"unless* the ignorance is the result of the defendant's non-observance of a duty of disclosure. The statutory remedy for cases of misfortune *not caused by another's fault* is the extent of the remedy." *University* v. *Forbes, supra,* 20. (Emphasis supplied.)

In the case before us the allegations of the petition if proved would warrant a finding that the failure of the plaintiff to act within the statutory limits of RSA 556:1-3 was due to the fraud of the testator or his agents or servants. In such instances we think it clear that relief will be given to the defrauded party. In *Preston* v. *Cutter*, 64 N. H. 461, 469, the court said, "The remedy which equity gives to the defrauded person is most extensive . . . A court of equity will wrest property fraudulently acquired, not only from the perpetrator of the fraud, but, to use Lord *Cottenham's* language, from his children and his children's children, or, as elsewhere said, from any persons amongst whom he may have parcelled out the fruits of his fraud." 3 Pomeroy, Equity Juris-

prudence (5th *ed.*) *s.* 918; see also, *Cook* v. *Lee,* 72 N. H. 569. It thus appears that as a general proposition the fact that funds of a decedent have been distributed is not necessarily a defense under RSA 556:28 where fraud exists. It follows the Trial Court correctly ruled that the plaintiff was not barred from relief under this statute as a matter of law and the defendants' exception thereto is overruled.

The trustee further contends that in this case, since the assets had been transferred from the Northern Trust Company as executor to the Northern Trust Company as trustee, no bill may be maintained for "a rescission of and/or damages" as a result of the alleged fraud. It is undisputed that the trustee was not a purchaser for value. It received the property from the executor and stands in the position of a legatee. *University* v. *Forbes,* 88 N. H. 17, 18. It acquired no greater right than the decedent had. Restatement, Conflict of Laws, *s.* 479, *comment* b. Any equitable right of the plaintiff here which was available to him against the alleged wrongdoer, in this case the testator, was also good against those who were not bona fide purchasers of the obligation. *Plante* v. *Shortell,* 92 N. H. 38, 41; *Dearborn* v. *Nelson,* 61 N. H. 249. The transfer here from the Northern Trust Company, executor, to itself as trustee without value cannot affect this basic fact, since equity regards the substance and not the form of the transfer. It follows that the plaintiff may upon proof of his allegations maintain his bill for such relief as may be shown to be just and that the defendant trustee takes nothing by his exception to the Trial Court's so ruling.

A further question to be decided is whether the action was maintainable against the defendant ancillary administrator. Relying upon *University* v. *Forbes, supra,* he argues that it should be dismissed because of the fact that he had no assets of the estate in his hands at the time the petition was entered, none subject to his control (*Keenan* v. *Tonry,* 91 N. H. 220, 223), and that he had distributed all the assets which he had held as ancillary administrator. However, as previously pointed out, the *Keenan* case is distinguishable from the situations before us because here fraud is alleged. Ramsey prior to the suit did have assets, and the real estate, which was the subject of the alleged fraud and now transferred to the defendant trustee, is located in this state. If fraud be proved, the original sale from Sheridan to the plaintiff is, of course, voidable. 16 Am. Jur., Deeds, *s.* 31. In all the circumstances, we

believe the bill against the ancillary administrator should not be dismissed at this time.

The result reached renders unnecessary consideration of other issues and the order is

*Exceptions overruled.*

All concurred.